# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By James Burrell at 1:09 pm, Jan 19, 2018

| | |
|---|---|
| WILLIE CLINTON LOVETT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV417-236 |
| ) | CR414-143 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

After he was convicted by a jury for his role in "an illegal and swindling gambling operation," *United States v. Lovett*, 662 F. App'x 838, 840 (11th Cir. 2016), the Court sentenced Willie Lovett to 90 months' imprisonment. Doc. 193. He appealed, arguing that the Government did not present evidence sufficient for the jury to find him guilty, the Government impermissibly struck five African-American potential jurors from the jury pool, and the Court improperly applied a six-level enhancement. *Lovett*, 662 F. App'x 638. The Court of Appeals affirmed his sentence, concluding that Lovett had failed to make a *prima facie* case under *Batson v. Kentucky*, 476 U.S. 79 (1986), that the Government struck those jurors solely on the basis of their race. *Id.* at 847-48. The Court also "easily conclude[d] that the government produced enough

evidence" to support the jury's verdict, *id.* at 851, and that the district court had not erred in evaluating the witness evidence on payments Lovett accepted and applying the sentencing enhancement under U.S.S.G. § 2C1.1(b)(2) (enhancements triggered by payments exceeding $5000).

Lovett now moves under 28 U.S.C. § 2255 to correct his sentence on myriad grounds, including those already tread before the Court of Appeals. Doc. 251. He again argues that the Court incorrectly applied a six-level sentencing enhancement (*id.* at 20-28), an argument already introduced and rejected on appeal. *See Lovett*, 662 F. App'x 838. He cannot raise it again in this Court in a § 2255 motion. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal."); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994) ("[P]rior disposition of a ground of error on direct appeal, in

most cases, precludes further review in a subsequent collateral proceeding."); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal.").[1]

Lovett also argues that the Court incorrectly ordered his participation in the "voluntary" Inmate Financial Responsibility Program. Doc. 251 at 17-20. That program encourages "each sentenced inmate to meet his or her legitimate financial obligations" by helping the inmate "develop a financial plan," which the Bureau of Prisons then monitors. *See* 28 C.F.R. §§ 545.10, 11. But it is not clear from the record that Lovett is actually a program participant. *See* doc. 193 at 6 (judgment imposing $660 assessment and $50,000 fine); doc. 220 at 30-31 (sentencing transcript, detailing Court's order that Lovett pay his fine in quarterly installments while in custody for 90 months, and monthly

---

[1] Lovett further contends that the 2015 amendment to the Sentencing Guidelines provides grounds to unwind his sentence. Doc. 251 at 26-28. He contends that the enhancement applied pursuant to U.S.S.G. § 2C1.1(b)(2) is somehow "abrogate[d]" by "changes" made by the amendment. Doc. 251 at 26. It is unclear, however, how the amendment to § 2C1.1 in November 2015 changes anything. Pursuant to U.S.S.G. § 1B1.11, the Guideline Manual in effect at the time a defendant is sentenced is to be used in determining the applicable sentencing guideline range. The 2014 Guidelines Manual was thus properly used in determining Lovett's sentencing guideline range at his February 2015 sentencing. The later amendment, which is *not* retroactive, does nothing for him. *See United States v. Conley*, __ F. Supp. 3d __, 2017 WL 5953153 at n. 6 (E.D. Ken. Dec. 1, 2017).

installments while on supervised release for an additional 47 months). The Court ordered the terms of his payments, not that he participate in the program to develop a repayment plan with the Bureau's help. The Seventh Circuit's opinion in *United States v. Boyd*, 608 F.3d 331 (7th Cir. 2010) -- which movant relies on to stress that ordering participation in the voluntary program is unconstitutional (doc. 251 at 18) -- is thus inapplicable. More importantly, however, he is not asserting that he has the right to be released from custody, as required by 28 U.S.C. § 2255, and thus he has no right to use that statute to challenge the amount of his fine or the terms by which it is to be paid. *See Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998), quoted in *United States v. Warmus*, 151 F. App'x 783, 786 (11th Cir. 2005).

Lovett's last argument, however, warrants a response from the Government. He argues that the "Government's discriminatory intent during jury selection" should be inferred from the record, and that counsel was ineffective for failing to better present the argument on appeal. Doc. 1 at 28-32. The Court of Appeals rejected Lovett's argument, based solely on the number of African American jurors struck (five out of seven), that the Government must have based its preemptory

4

strikes determinations on race. *Lovett*, 662 F. App'x at 845-46. While he cannot relitigate his *Batson*-claim in a § 2255 motion, *see United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004), Lovett is not procedurally barred from bringing an ineffective assistance of counsel claim to argue that, but for counsel's deficiencies (*i.e.*, urging a losing argument based only on the number of jurors struck), he might have gotten a new trial. A response to this claim is necessary.

In sum, the Government is **DIRECTED** to respond to Willie Lovett's ineffective assistance of counsel claim within sixty days from the date of this Order. 28 U.S.C. § 2255 Rule 4(b).

**SO ORDERED,** this  19th  day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA