FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 JUN 12 PM 2:07
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIE CLINTON LOVETT, )
)
    Petitioner, )
)
v. ) CASE NOS. CV417-236
)             CR414-143
UNITED STATES OF AMERICA, )
)
    Respondent. )
_____ )

# O R D E R

Before the Court are the Magistrate Judge's Report and Recommendation (Doc. 256), to which objections have been filed (Doc. 260), and Petitioner's Motion to Modify (Doc. 257).[1] For the following reasons, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Petitioner's Motion to Modify is **DENIED**.

On December 2, 2017, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. 251.) In his motion, Petitioner raised four different challenges to his underlying sentence: (1) the Court improperly abused its discretion by mandating that Petitioner participate in the Bureau of Prison's Inmate Financial Responsibility Program ("IFRP"); (2) his sentence was "imposed as a result of incorrect application of the sentencing guidelines under § 2B1.1;" (3) "[c]hanges in the USSG Manual

---

[1] For consistency with the report and recommendation, all citations in this order refer to Petitioner's criminal docket.

abrogate 6-level specific offense characteristic enhancement, pursuant to Section 2C1.1(b)(2);" and (4) his counsel was ineffective for failing to properly argue a Batson challenge at trial and on appeal. (Doc. 251 at 17.)

After screening the petition, the Magistrate Judge found that there was no merit to Petitioner's claim that the Court improperly ordered that he participate in the IFRP program because the Court never made such a direction. (Doc. 252 at 3.) In addition, the Court found that Petitioner's challenges to his sentence based on the alleged improper application of sentencing guidelines were procedurally barred because these claims were fully considered on direct appeal of his sentence. (Id. at 2.) The Magistrate Judge, however, concluded that Petitioner's claim of ineffective assistance of counsel was not procedurally barred and directed the Government to file a response only on that issue. (Id. at 4.) The Government timely responded on March 20, 2018. (Doc. 255.)

Before the Government filed its response, Petitioner filed a Motion to Amend alleging that the Magistrate Judge distorted his original claims. (Doc. 254.) On April 23, 2018, the Magistrate Judge issued a report and recommendation in this case. (Doc. 256.) The report and recommendation granted Petitioner's Motion to Amend. (Id. at 3.) The Magistrate Judge, however, concluded that there was still no merit to Petitioner's

2

claim that the Court improperly sentenced him to participate in the IFRP. (Id. 7-9.) Further, the Magistrate Judge again determined that his claims challenging his sentence enhancement were procedurally barred. (Id. at 3-9.) In addition, the Magistrate Judge considered Petitioner's ineffective assistance of counsel claim, and found that Petitioner failed to show that his counsel acted improperly or that he was prejudiced by his attorney's failure to argue his Batson challenge in a different way. (Id. at 9-17.) Ultimately, the Magistrate Judge recommended that all of Petitioner's claims should be dismissed. (Id. at 18.)

Now, Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 260.) In addition, Petitioner also filed a Motion to Modify. (Doc. 257.) After careful review, the Court finds no merit to Petitioner's motion or any of his objections.

In his Motion to Modify, Petitioner requests that the Magistrate Judge's prior order directing the Government to respond only to Petitioner's ineffective assistance of counsel claim should be modified to require the Government to respond to all of Petitioner's claims pursuant to 28 U.S.C. § 2255, Rule 4(b). (Doc. 257.) Petitioner asserts that the Court is required to make the Government respond to all of his claims. (Id.) On this point, Petitioner is incorrect. There is no requirement

that the Magistrate Judge must direct the Government to respond to Petitioner's meritless claims. <u>See</u> <u>Tarver v. United States</u>, 344 F. App'x 581, 583 (11th Cir. 2009) (discussing that Rule 4(b) does not require courts to order the government to file a response to petitioner's claims). As a result, Petitioner's motion (Doc. 257) is **DENIED**. The Court sees no reason to direct the Government to respond to all of Petitioner's claims.

Petitioner has also filed objections to the Magistrate Judge's report and recommendation. (Doc. 260.) In his objections, Petitioner fails to raise any meritorious objection to the report and recommendation. Instead, Petitioner reargues his initial claims that have already been fully considered by the Magistrate Judge. After careful consideration, the Court wholly agrees with the Magistrate Judge's conclusions. As a result, the report and recommendation (Doc. 256) is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 251) is **DISMISSED**. Petitioner is also not entitled to a Certificate of Appealability. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 12th day of June 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA